UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>*West African Mineral Trading Ltd. and Tiberius Group AG*<br><br>For an Order to Obtain Discovery Use in Foreign Proceedings | 24 Misc. 114 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

On March 12, 2024, Applicants West African Mineral Trading Ltd. ("WAMT") and Tiberius Group AG ("Tiberius") (together, "Applicants") filed this action, seeking an *ex parte* order allowing them to seek discovery from seven entities for use in pending and/or contemplated proceedings in Nigeria, the United Arab Emirates, and Croatia. *See* Ex Parte Appl. for Order Pursuant to 28. U.S.C. § 1782 ("Appl."), ECF No. 1. For the reasons stated below, the application is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

The following facts are drawn from Applicants' submissions in connection with their application.[1]

Applicant Tiberius is an asset management and non-ferrous metal trading company based in Zug, Switzerland. *See* Meredith Decl., ECF No. 2-9 ¶ 4. Applicant WAMT is a Tiberius subsidiary based in Jos, Nigeria, engaged in the exporting of tin. *Id.* ¶ 5. Applicants have ongoing or contemplating foreign proceedings related to Rebeka Babic and Malcomines Limited,

---

[1] "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*," as the respondent "can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases).

and/or its principals and related entities, (collectively, the "Target Entities") in Nigeria, the United Arab Emirates, and Croatia. Appl. 2. In this proceeding, Applicants seek documents from seven banks that are non-parties in the foreign proceedings, related to the banks' "correspondent banking relationships with financial institutions used by the Target Entities." *Id.* "The Applicants seek these documents to allow them to trace transfers of funds by and assets of the Target Entities for the purpose of monitoring compliance with and enforcing" an injunction issued by the High Court of Lagos State in Nigeria, and "in connection with pending and contemplated legal proceedings against the Target Entities in the United Arab Emirates, Croatia and elsewhere." *Id.*

Respondents are (i) Citibank N.A. ("Citibank"); (ii) Deutsche Bank Trust Company Americas ("Deutsche Bank"); (iii) HSBC Bank USA N.A. ("HSBC"); (iv) Bank of New York Mellon ("BNY Mellon"); (v) UBS AG ("UBS"); (vi) JP Morgan Chase Bank, N.A. ("JP Morgan Chase"); and (vii) Bank of America.

**LEGAL STANDARD**

Applicants seek discovery pursuant to 28 U.S.C. § 1782, which allows a district court to compel testimony or production of a document for use in a foreign proceeding. "The analysis of a district court hearing an application for discovery pursuant to § 1782 proceeds in two steps." *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022).[2] First, the applicant must establish three mandatory prerequisites: "(1) the person or entity from whom discovery is sought 'resides' or is 'found' in the district where the application is made; (2) the requested material is 'for use' in a foreign proceeding; and (3) the application is made by a

---

[2] In all quotations from cases, internal quotation marks, footnotes, citations, emphasis, brackets, ellipses, and other alterations are omitted unless otherwise indicated. All references to Rules are to the Federal Rules of Civil Procedure.

foreign or international tribunal or any interested person." *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 675 (2d Cir. 2022) (quoting § 1782).

Then, a district court exercises discretion to grant or deny the application "in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance in our courts." *Mees v. Buiter*, 793 F.3d 291, 297-98 (2d Cir. 2015). The Supreme Court has identified four additional discretionary factors (the "*Intel* factors") relevant to this determination:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome."

*Id.* at 298 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)). The *Intel* factors are "not to be applied mechanically," and the district court "should also take into account any other pertinent issues arising from the facts of the particular dispute." *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 245 (2d Cir. 2018).

## DISCUSSION

Applicants' request is granted in part and denied in part for the reasons given below.

**A.   Statutory Prerequisites**

Applicants satisfy the three statutory requirements under § 1782 with respect to Citibank, Deutsche Bank, HSBC, BNY Mellon, UBS, and JP Morgan, but do not satisfy the requirements with respect to Bank of America.

**1.   "Resides or Is Found" in the District**

First, on the record presented, only certain Respondents are "found" or "reside[]" in the District.  "[Section] 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). "The constitutional limits of personal jurisdiction allow for a showing of either general or specific jurisdiction over each respondent." *In re Steinmetz*, No. 20 Misc. 212, 2022 WL 170851, at *3 (S.D.N.Y. Jan. 19, 2022).

Applicants aver that each of the Respondents "conducts business" in New York.  Apps.' Mem. of Law in Support of App., ECF No. 3 ("Mem.") 6.  But that, by itself, is insufficient to establish general jurisdiction.  *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 640 (2d Cir. 2016) ("In *Daimler [AG v. Bauman*, 571 U.S. 117, 137 (2014)], the Court rejected the idea that a corporation was subject to general jurisdiction in every state in which it conducted substantial business.").  Nevertheless, the Court determines that several of the Respondents are subject to general jurisdiction because they are headquartered or maintain their principal place of business in New York.  *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly exceptional case, a corporate defendant may be treated as essentially at home [for purposes of general jurisdiction] only where it is incorporated or maintains its

principal place of business."). This is the case with respect to Citibank,[3] Deutsche Bank,[4] HSBC,[5] BNY Mellon,[6] UBS,[7] and JP Morgan Chase,[8] which are each headquartered and/or have their principal place of business in New York. This first requirement of the statute is therefore satisfied with respect to these respondents. *See In re de Aquino Chad*, No. 19 Misc. 261, 2019 WL 2502060, at *3 (S.D.N.Y. June 17, 2019) (finding that banks alleged to be headquartered in the District were subject to general jurisdiction, satisfying the first prong of § 1782).

For the Respondent not subject to general jurisdiction—Bank of America[9]—Applicants must establish specific personal jurisdiction. In the context of specific personal jurisdiction over a § 1782 discovery application, the Second Circuit has held that:

> [W]here the discovery material sought proximately resulted from the respondent's forum contacts, that would be sufficient to establish specific jurisdiction for ordering discovery. That is, the respondent's having purposefully availed itself of the forum must be the primary or proximate reason that the evidence sought is available at all. On the other hand, where the respondent's contacts are broader and

---

[3] *See Citibank, N.A. v. Citytrust*, 756 F.2d 273, 274 (2d Cir. 1985) ("Plaintiff Citibank[ is] a national bank headquartered in New York State.").

[4] *See Sonterra Cap. Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 585 (S.D.N.Y. 2017) ("Deutsche Bank AG is a German financial services company headquartered in Frankfurt, Germany with U.S. headquarters located in New York.").

[5] *See Chan Ah Wah v. HSBC N. Am. Holdings Inc.*, No. 15 Civ. 8974, 2019 WL 859042, at *1 (S.D.N.Y. Feb. 22, 2019) ("HSBC Bank USA N.A. is a company with its principal place of business in New York.").

[6] *See In re Bank of New York Mellon Corp. Forex Transactions Litig.*, 921 F. Supp. 2d 56, 63 (S.D.N.Y. 2013) ("The Bank of New York Mellon Corporation is a Delaware corporation with its headquarters and principal place of business in New York.").

[7] *See Sonterra Cap. Master Fund Ltd. v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 585 (S.D.N.Y. 2017) ("UBS maintains branches in several U.S. states, including New York, and has its U.S. headquarters in New York and Stamford, Connecticut").

[8] *See UniCredito Italiano SPA v. JPMorgan Chase Bank*, 288 F. Supp. 2d 485, 489 (S.D.N.Y. 2003) ("JP Morgan Chase & Co. is a Delaware corporation with its principal place of business in New York.").

[9] *See Pusey v. Bank of Am., N.A.*, No. 14-CV-04979 FB LB, 2015 WL 3756179, at *1 (E.D.N.Y. June 16, 2015) ("Bank of America, N.A. . . . is headquartered in North Carolina.").

more significant, a petitioner need demonstrate only that the evidence sought would not be available but for the respondent's forum contacts.

*In re del Valle Ruiz*, 939 F.3d at 530.

On the record before the Court, Applicants do not establish personal jurisdiction over Bank of America for purposes of § 1782. Applicants' filings are devoid of any facts as to Bank of America specifically, other than the location of certain of its offices in Manhattan, *see* Mem. 7, and the general assertion that the Respondents, including Bank of America, "act[] as correspondent bank[s] for US dollar transactions through foreign banks that WAMT and Tiberius have identified as potentially holding accounts for the benefit of Misel Babic, Rebeka Babic, Malcomines Ltd., their principals or related entities," *id.* 2. In particular, Applicants fail to demonstrate that the records sought from Bank of America would not be available "but for the respondent's forum contacts," *In re del Valle Ruiz*, 939 F.3d at 530, because it fails to connect Bank of America's performance of correspondent banking services to the fact that they maintain branches in the District. Courts presented with a similar record have found that they lacked specific personal jurisdiction over potential targets of discovery. *See In re Litasco SA*, No. 23 Misc. 354, 2023 WL 8700957, at *2 (S.D.N.Y. Dec. 15, 2023) ("Litasco says that respondents (i) perform correspondent banking services and (ii) have offices here. But it fails to identify the relationship between the two. At most, Litasco's submissions suggest that respondents have rented office space in Manhattan. That is not enough."); *In re Klein*, No. 20 Misc. 203, 2022 WL 1567584, at *5-*6 (S.D.N.Y. May 18, 2022) (finding that banks' operation of a Manhattan office, among other contacts, was insufficient for purposes of § 1782, because the applicant did not sufficiently connect the forum contacts to the discovery sought).

6

Notably, Applicants seek "[c]opies of all wire transfer records processed by Bank of America, as an intermediary bank, where Misel Babic (alternatively spelled Michel Babic or Micel Babic) and/or Rebeka Babic are an originator, beneficiary, or otherwise referenced in the wire transfer," Scott Decl. Ex. 7, ECF No. 2-6, but does not identify any particular transaction conducted or bank used by those entities. There is therefore no basis to conclude that Bank of America effectuated any relevant wire transfer *in* this District, making the record too thin to satisfy the requirements of due process—namely, establishing that "the evidence sought would not be available but for the respondent's forum contacts." *In re del Valle Ruiz*, 939 F.3d at 530; *accord In re Litasco SA*, 2023 WL 8700957, at *2 ("[T]here is no evidence that these respondents are the correspondent banks for any banks at which the foreign defendants (or the transferees of their funds) had accounts, making the basis for specific personal jurisdiction even weaker.").

It is true that a court in this District previously granted in part an application by these Applicants under § 1782 seeking discovery from these entities, including Bank of America. *See In re Tiberius Grp. AG*, No. 19 Misc. 467, 2020 WL 1140784, at *1 (S.D.N.Y. Mar. 6, 2020). But that decision did not address jurisdictional issues. And, in any event, Applicants still bear the burden of establishing the statutory prerequisites, including jurisdiction, on the record in this particular case. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir. 2012) (noting that due process requires determining whether jurisdiction is reasonable "under the circumstances of the particular case"); *Cont'l Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 769 (2d Cir. 2014) (finding that when determining whether personal jurisdiction exists based on pleadings and affidavits, a plaintiff "must make allegations establishing

7

jurisdiction with some factual specificity and cannot establish jurisdiction through conclusory assertions alone").

In sum, Citibank, Deutsche Bank, HSBC, BNY Mellon, UBS, and JP Morgan (the "Manhattan-Based Respondents") reside or are found in this District for purposes for § 1782. Applicants fail to establish that Bank of America is found in this District for purposes of § 1782. Accordingly, the application with respect to Bank of America entities is denied. Because a different record may well support jurisdiction over Bank of America, the application with respect to it is denied without prejudice to renewal.

### 2. Remaining Requirements

Applicants establish the remaining two statutory requirements with respect to the Manhattan-Based Respondents. The discovery sought is "for use" in foreign proceedings in Nigeria, the United Arab Emirates, and Croatia. *See* Meredith Decl. ¶¶ 33-41, 46-51. The "for use" requirement is "afforded a broad interpretation . . . and . . . may be satisfied so long as the materials sought are 'to be used at some stage of a foreign proceeding.'" *In re Kingstown Partners Master Ltd.*, No. 21 Misc. 691, 2022 WL 1081333, at *5 (S.D.N.Y. Apr. 8, 2022) (quoting *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017)). Applicants are "interested person[s]" for purposes of § 1782 by virtue of their status as a party to the foreign proceedings. *See Esses v. Hanania (In re Esses)*, 101 F.3d 873, 875 (2d Cir. 1996) (finding that the language of § 1782 and its legislative history are clear that being a party to a foreign proceeding satisfies the "interested person" requirement).

B. **Discretionary Factors**

Because Applicants establish the statutory requirements with respect to the Manhattan-Based Respondents, the Court turns to the discretionary factors. The Court exercises its discretion and grants the application with respect to the Manhattan-Based Respondents.

The *Intel* factors weigh in favor of granting the application. First, the Manhattan-Based Respondents are not current participants, nor are they expected to be added as participants, in the foreign proceedings. *See* Mem. 9. Second, there is no suggestion that Nigerian, UAE, or Croatian courts are unreceptive to U.S. judicial assistance. *See id*. At least one court in this District has authorized subpoenas for documents for use in proceedings in Nigeria, *see In re Tiberius Grp. AG*, 2020 WL 1140784, at \*1, and in the UAE, *see In re Inv. Bank PSC*, 567 F. Supp. 3d 449, 450 (S.D.N.Y. 2021), further supporting the application. Third, "there is no evidence or testimony that information possessed by the [Manhattan-Based Respondents] would be within the jurisdictional reach of the Lagos High Court," *In re Tiberius Grp. AG*, 2020 WL 1140784 at \*6, nor any other indication that Applicants are seeking to circumvent any proof-gathering restriction under the laws of Nigeria, the UAE, or Croatia. *See* Mem. at 9-10.

Finally, on its face, the requested discovery is not unduly burdensome or intrusive. This factor is evaluated under the standards of Rule 26, *see Mees*, 793 F.3d at 302, which limits discovery to "nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Applicants seek limited records and documents relating to wire transactions involving parties to the foreign proceedings that these Banks were involved with as "an originator, beneficiary, or otherwise referenced in the wire transfer." Scott Decl. Ex. 1, ECF No. 2-1. As to relevance, these records go directly to Applicants' allegations in the foreign proceedings. *See Catalyst Managerial Servs., DMCC v.*

*Libya Africa Inv. Portfolio (In re Catalyst Managerial Servs., DMCC)*, 680 F. App'x 37, 39 (2d Cir. 2017) (affirming a determination with respect to the fourth *Intel* factor where the documents sought related to wire transfers and "a question ha[d] been raised as to whether the financial statements produced . . . in the [foreign] proceedings are accurate or complete"). As to proportionality, these types of records are routinely subpoenaed in litigation. *See, e.g.*, *In re de Aquino Chad*, 2019 WL 2502060, at *3; *In re Abraaj Inv. Mgmt. Ltd.*, No. 20 Misc. 229, 2023 WL 2674752, at *6 (S.D.N.Y. Mar. 29, 2023); *In re Rodriguez Guillen*, No. 20 Misc. 102, 2020 WL 3497002, at *3 (S.D.N.Y. June 29, 2020). Given the minimal burden of producing such limited discovery, the fourth factor weighs in favor of Applicants.

The *Intel* factors are not exhaustive. *See Kiobel*, 895 F.3d at 245. The Court has reviewed the record and finds there are no other concerns that counsel against granting Applicants the requested discovery. Accordingly, the application is granted with respect to the Manhattan-Based Respondents.

**C.     Notice**

Applicants shall serve its application materials and this order on the Foreign Defendants prior to serving the subpoena on the Manhattan-Based Respondents. "[U]nless the district court's authorizing order provides otherwise, a party engaged in foreign litigation who serves a § 1782 subpoena *duces tecum* to obtain documents for use in the foreign litigation must first serve notice on all parties to the foreign proceedings." *In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *5 (S.D.N.Y. Sept. 17, 2015). Although § 1782 discovery applications are regularly handled on an *ex parte* basis, the *ex parte* nature of the proceedings makes it all the more important that opposing parties be given the chance to appear once discovery is granted.

**CONCLUSION**

For the reasons given above, the application is **GRANTED IN PART AND DENIED IN PART**. The application is granted with respect to Citibank, BNY Mellon, SGNY, BNP, JP Morgan, Deutsche Bank, and UBS, and denied without prejudice with respect to Bank of America.

Applicants shall serve this order and its application materials on the Foreign Defendants and file proof of service by **September 6, 2024**. This matter will be held open until service is complete and the Foreign Defendants have an opportunity to contest the propriety of the subpoena.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 1.

SO ORDERED.

Dated: August 19, 2024
       New York, New York

DALE E. HO<br>
United States District Judge